IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
NOV 21 2019
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

MICHAEL VINCENT ZORICK,

Plaintiff,

v.

CIVIL ACTION NO.: 1:19CV27
(KEELEY)

ANDREW M. SAUL,
Commissioner of
Social Security,

Defendant.

# REPORT AND RECOMMENDATION

## I. Introduction

This case arises from the denial of Plaintiff, Michael Zorick's ("Plaintiff") application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. After Plaintiff's application proceeded through the administrative process, a United States Administrative Law Judge ("ALJ"), Gregory M. Hamel, concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff's request for Appeals Counsel review was denied, making the ALJ's decision the final decision of Defendant, Andrew M. Saul ("Commissioner"), Commissioner of Social Security. Plaintiff seeks judicial review of the Commissioner's decision.

The Magistrate Judge has considered the parties' briefs and the record on appeal. The parties have waived oral argument. ECF No. 16. Accordingly, the parties' Motions are ripe for disposition.

## II. Factual/Procedural History

In Plaintiff's application for Title II benefits, filed on or about May 18, 2015, he alleged disability beginning March 26, 2014. R. 199, 217. Plaintiff's claim for disability benefits was denied initially on November 19, 2015, and again upon reconsideration on March 22, 2016. R. 99, 108. Plaintiff filed a timely request for hearing on March 29, 2016. R. 115.

An administrative hearing was held on November 28, 2017. R.14-26; 33-64. Plaintiff appeared in Morgantown, WV before the ALJ, who presided over the hearing from Alexandria, VA. During the hearing, Plaintiff and Vocational Expert ("VE") Larry A. Bell provided testimony. R. 33-64. On February 28, 2018, the ALJ issued a decision in which the ALJ found that Plaintiff had not been under a disability at any time since his application date. R. 14-26.

Plaintiff sought review of the ALJ's decision with the Appeals Council, which denied Plaintiff's request for review in a Notice dated January 11, 2019. R. 1-3. As a result, the ALJ's decision became the final decision of the Commissioner. Plaintiff filed the instant civil action on February 27, 2019, seeking reversal of the ALJ's decision and remand. ECF No. 1.

## III. ALJ Decision

### A. The Five-Step Evaluation Process

In determining whether Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. The first step in the process is to determine whether a claimant is currently engaged in substantial gainful activity. § 404.1520(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. § 404.1520(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the

sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). § 404.1520(d). If impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (hereinafter "RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. § 404.1520(e). After determining a claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. § 404.1520(f). If the claimant does not have the RFC to do his past relevant work, then he has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's age, education, and work experiences. § 404.1520(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

### B. ALJ Findings

Initially, the ALJ found that Plaintiff met the insured status requirements for a period of disability and disability insurance benefits through December 31, 2019. R. 16. At step one of the process, the ALJ found that Plaintiff had not engaged in any substantial gainful activity at any time from March 26, 2014, forward. R. 16. The ALJ further found that Plaintiff has the following severe impairments: arthritic and cystic changes in the ankles, major depressive disorder, generalized anxiety disorder, and intellectual impairment. The ALJ found that the aforementioned determinable impairments significantly limited the ability to perform basic work activities as required by SSRs 85-28. R. 17.

3

At the third step, the ALJ found that Plaintiff does not have an impairment or a combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). R. 17. The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) but:

> can only occasionally climb stairs, balance, stoop, kneel, crouch and crawl, cannot climb ladders and similar devices; cannot work in hazardous environments; is limited to routine and repetitive tasks only and cannot perform tasks requiring public contact or more than occasional interaction with coworkers and supervisors. R. 21.

At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. At step five, the ALJ concluded that Plaintiff is capable of performing other jobs in the national economy that exist in significant numbers. R. 25.

## IV. Motions for Summary Judgment

### A. Arguments of the Parties

#### 1. Plaintiff's Arguments

Plaintiff first argues that the ALJ erred when he found that Plaintiff did not suffer sufficient deficits of adaptive functioning to meet the requirements of §12.05B, and that said finding is not supported by substantial evidence. Specifically, Plaintiff contends that substantial evidence exists to show that Plaintiff has markedly impaired social functioning, and that Plaintiff is markedly impaired in his ability to understand, remember, or apply information. ECF No. 12.

Plaintiff finally argues that the ALJ erred when he found that Plaintiff could perform work which exists in significant numbers in the national economy, and said finding is not supported by substantial evidence. Specifically, Plaintiff claims the ALJ failed to give credit to the VE's

testimony that multiple on-the-job check-ins would not be tolerated (thus demonstrating that Plaintiff is unable to perform any jobs in the national economy). ECF No. 12.

### 2. Defendant's Arguments

Defendant contends that the ALJ properly found Plaintiff did not meet the requirements for presumptive disability under the Listing in §12.05B. Specifically, Defendant notes that Plaintiff failed to satisfy prong two of the Listing in §12.05B because he did not show the required deficits in adaptive functioning during the adjudicated period, i.e. one extreme limitation or two marked limitations in any of the pertinent areas of mental functioning. Defendant maintains that substantial evidence supports the ALJ's findings. ECF No. 14.

Defendant further contends that the ALJ properly relied upon the VE's testimony to find that Plaintiff could perform other work in the National Economy. Specifically, Defendant notes that the ALJ did not adopt the alternate hypothetical upon which Plaintiff's argument rests. Moreover, even if the ALJ should have adopted said alternate hypothetical, the ALJ's failure to do so is harmless error. Even if the alternate hypothetical is based upon limitations assessed by the State Agency's physician, the physician found Plaintiff not disabled notwithstanding those limitations. Thus, Plaintiff cannot demonstrate prejudice. Finally, Defendant contends that the VE did not testify that the alternate hypothetical to which Plaintiff refers precluded all jobs. ECF No. 14.

### B. The Standards

#### 1. Summary Judgment

Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party

5

seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but…must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

### 2. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal citations omitted). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The decision before the Court is "not whether [a claimant] is disabled, but whether the ALJ's finding [that the claimant is not disabled] is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and quotations omitted). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F.Supp. 686, 687 (S.D.W.Va. 1963).

With these standards in mind, we turn to analysis of the issues raised on appeal.

**C. Discussion**

    **1. Substantial Evidence supports a finding that Plaintiff does not meet or equal a Listing in §12.05.**

Plaintiff first argues that substantial evidence supports a finding that he meets the Listing requirements of §12.05B. In order to meet §12.05B requirements, Plaintiff must demonstrate the following:

> (1) Significantly subaverage general intellectual functioning evidence by either: (a) a full scale (or comparable) IQ score 70 or below on an individually administered standardized test of general intelligence; or (b) A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
>
> (2) Significant deficits in adaptive functioning manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (a) understand, remember, or apply information; (b) interact with others; (c) concentrate, persist or maintain pace; (d) adapt or manage oneself; and
>
> (3) The disorder must have begun prior to age 22.

20 C.F.R. Part 404, Subpart P, App. 1 §12.05B. As the Government has correctly pointed out, Plaintiff has the burden of demonstrating that he has met all of the Listing's criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

There is no dispute that Plaintiff has met factors one (1) and three (3). ECF No. 12, at p. 8; and ECF No. 14, at p. 7. At issue then is whether Plaintiff has met his burden of proving the

7

second factor of §12.05B. A review of the record reveals that Plaintiff did not meet his burden and substantial evidence exists for the ALJ's findings that Plaintiff did not meet or equal the Listing's criteria with respect to the adaptive functioning requirement.

### a. Substantial Evidence supports the ALJ's finding that Plaintiff is not markedly limited in social functioning.

To demonstrate a marked limitation in social functioning, Plaintiff must show that his ability to socially function independently, appropriately, effectively, and on a sustained basis is seriously limited. 20 C.F.R. Part 404, Subpart P, App. 1, § 12.00(f)(2)(d). Evidence in the record does not support such a conclusion with respect to this Plaintiff. Indeed, there is evidence in the record which indicates that Plaintiff was cooperative and maintained good eye contact with Psychologist, Jennifer Robinson and with David Peasack during evaluations. R. 305, 315. Also during these evaluations, Plaintiff displayed, among other things, good hygiene, appropriate dress, cooperative behavior, and normal flow and rhythm of speech. There is also evidence that Plaintiff regularly visited with his father and maintained a good relationship with his children. R. 305. Evidence shows that Plaintiff watches his children after school. R. 235. Plaintiff also admitted to getting along well with most people, although he felt he did not get along well with some. R. 305.

Additionally, the state psychologists' finding that Plaintiff's social functioning is markedly limited (R. 72, 88) is more nuanced than Plaintiff suggests. Indeed, additional analysis within the reports reveals that, while they believed Plaintiff was markedly limited in terms of social functioning, they found him to be only moderately limited in his ability to: (1) accept instructions and respond appropriately to criticism from supervisors, (2) get along with coworkers or peers without distracting them or exhibiting behavioral extremes, (3) maintain socially appropriate behavior, and (4) adhere to basic standards of neatness and cleanliness. Plaintiff was also found

to not be significantly limited in his ability to ask simple questions or request assistance. R. 78; 95.

Notwithstanding the above, the ALJ's RFC took into account Plaintiff's marked limitation in social functioning by finding that Plaintiff "cannot perform tasks requiring public contact." R. 72, 88; R. 21. The ALJ further took into account Plaintiff's moderate limitations in terms of interacting with coworkers and supervisors and found that Plaintiff should have "no more than occasional interaction" therewith. R. 21. Therefore, substantial evidence supports the ALJ's findings with respect to Plaintiff's social interaction limitations and the resultant RFC.

The undersigned notes Plaintiff's argument that the ALJ substituted his own lay opinion regarding the level of Plaintiff's mental functioning for that of medical professionals, i.e. the state agency experts. This is not accurate. As set forth above, the state agency experts' findings were more nuanced than Plaintiff's argument suggests. The ALJ's findings vis-à-vis Plaintiff's social functioning limitations utilized all nuances of the state agency psychologists' reports.

The undersigned is further satisfied that the ALJ did not parse out isolated comments within the medical reports while ignoring other language which would have supported a finding that Plaintiff had a marked limitation in social functioning. Rather, and as has previously been explained, there is substantial evidence in the record to support the ALJ's finding that Plaintiff's social interaction limitation is moderate. To the extent that Plaintiff's social function may be markedly limited, the ALJ's RFC adequately provided for this limitation.

Finally, Plaintiff's contention that the ALJ did not consider Plaintiff's wife's statement when making his decision is not accurate. To the contrary, the ALJ considered this statement and found that significant weight could not be given thereto because it was not consistent with the preponderance of the opinions and observations by medical doctors in this case, or with other

evidence of record. R. 24. Substantial evidence exists to support the ALJ's conclusion. In particular, the state agency experts did not exclude the possibility of Plaintiff's enhancing his symptoms or the possibility of his malingering. R. 74, 79, 91, 96. Further, psychologist Jennifer Robinson found that antidepressants and individual therapy would be helpful to Plaintiff, and that he might benefit from contacting the Division of Vocational Rehabilitation to explore job placement programs. R. 307. Finally, though Plaintiff's wife alleged that Plaintiff urinated in the bathtub and defecated on himself, was unable to watch the kids, or perform any yard work (R. 251-252), there is evidence that Plaintiff watches the children each day after school, has no difficulty in using the toilet, and mows the lawn. R. 235-36.

### b. Substantial evidence supports a finding that Plaintiff is not markedly limited in the ability to understand or apply information.

In his report, the ALJ assigned Plaintiff a "moderate limitation" in terms of understanding, remembering, or applying information. In support of this determination, the ALJ cited to two Function Reports filled out by Plaintiff, (one on 6/2/2015 and one from 2/29/2016), Plaintiff's school records, and a recent intellectual test. R. 234-244; R. 275-282; 262-264; 349-364; and 303-307. In particular, the ALJ noted that, although Plaintiff appeared to have intellectual deficits at the age of 14, by the time he reached high school, Plaintiff earned "mostly A's and B's." R. 20. Additionally, the ALJ noted that, during the Administrative Hearing, Plaintiff "was able to pinpoint and recite exactly, to the number of years and days, how long he worked at his last job." R. 18. Despite Plaintiff's claims of error, a review of the record reveals that substantial evidence supports these findings.

The ALJ is correct that, while Plaintiff displayed intellectual deficits at the age of 14, Plaintiff's high school grades demonstrate at least some amelioration of those deficits. And it is of no moment that Plaintiff may not have been enrolled in on-grade level classes. Plaintiff's grades

clearly demonstrate that he was able to read, retain and understand at least some (and in some instances, most) of the information he was expected to learn, as indicated by his passing grades. It is also worthy of note that, although Plaintiff did not obtain a certificate for either course, Plaintiff was able to proceed through two post-high school education programs, i.e. one for HVAC work and one for cosmetology.

Finally, Plaintiff's work history is relevant to the consideration of whether he can understand, remember, or apply information. *Harris v. Colvin*, 2:13-28109. 2015 WL 268246, at *11 (S.D. W.Va. January 20, 2019) ("[w]ork history is also a factor to consider" in assessing deficits in adaptive functioning) (citing *Luckey v. U.S. Dep't of Health & Human Services*, 890 F.2d 666, 669 (4th Cir. 1989)). Plaintiff's work history includes such jobs as dishwasher in a restaurant, road maintenance, and garbage collector. R. 54-57. Plaintiff held these positions for substantial periods of time, i.e. six years and "quite a few years." R. 52-53. The Court in *Harris* cautioned that stable work history by itself is not determinative of the inquiry into a plaintiff's adaptive functioning abilities. *Harris*, 2015 WL 268246, at *11 (citing *Luckey*, 890 F.2d at 669). However, the ALJ did not rely upon Plaintiff's work history alone to make his finding. *See* above analysis vis-à-vis Plaintiff's grades and post-high school education. Substantial evidence therefore exists for the ALJ's determination that Plaintiff displayed moderate limitation in understanding, remembering and applying information.

### 2. Substantial Evidence supports the ALJ's "other work" finding.

Finally, Plaintiff argues that the ALJ erred when he failed to consider the VE's testimony that employers would not tolerate Plaintiff's need for multiple check-ins during the day. According to Plaintiff, this testimony was based upon a hypothetical posed to the VE which incorporated state agency psychologist, Dr. Bartee's opinion that a "[s]upervisor should focus on

11

clear task structure and multiple daily "check-ins" to keep Plaintiff on task when moving from one activity to another, or completing a task in sequence." Plaintiff argues that, if this opinion and this testimony had been considered, there would be no relevant VE testimony to support the Commissioner's burden of proof. ECF no. 12, at p. 13. This argument is not persuasive.

A review of the transcript reveals that the hypothetical to which Plaintiff refers was more restrictive than that intended by Dr. Bartee. According to Dr. Bartee's report, supervision of Plaintiff should "focus on clear task structure and multiple daily 'check-ins' to keep him on task when moving from one activity to another, or completing tasks in sequence." R. 78. The hypothetical, however, specifically inquired as to "additional support" which constituted "reminders about what the instructions were" with respect to the job. R. 61-62. Dr. Bartee's report says nothing about Plaintiff needing to have instructions explained to him repeatedly as part of any "check-in." R. 78. Because this is a more restrictive limitation that that provided for in the evidence of record, the undersigned would conclude that the ALJ properly disregarded this testimony, and substantial evidence exists to support the ALJ's finding that the Commissioner carried his burden of proof to show that other work exists in significant numbers in the national economy which Plaintiff can do. R. 56-64.

## V. Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned would **CONCLUDE** that substantial evidence supports the ALJ's findings and conclusions in this matter. Therefore, this Court **RECOMMENDS** that Plaintiff's Motion [11] for Summary Judgment be **DENIED** and Defendant's Motion [13] for Summary Judgment be **GRANTED**.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file**

with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Judge of Record. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, except as approved by the Court upon Motion. Any Motion to Exceed the Court's page limit shall be filed no later than one week before the deadline for the submission of the memorandum, objection or response. LR Civ P 9.02.

Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Report and Recommendation to any *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record.

Respectfully submitted this 21st day of November 2019.

_____
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE